UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TODD EFHYMIOS JOHNSON *and*
ANNA-LIDA PERDIOU,

                              Plaintiffs,

          -v-

GEORGIA PAPAGIANNI *and*
FIDELITY BROKERAGE SERVICES LLC,

                              Defendants.

---

25 Civ. 3830 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On March 3, 2026, the Court confirmed the order of attachment of funds in the brokerage account (the "Fidelity Account") belonging to defendant Georgia Papagianni and held by defendant Fidelity Brokerage Services LLC. Dkt. 35. That same day, the Court directed the parties, in light of the Court's finding *quasi in rem* jurisdiction, to address whether the Complaint's claims should be litigated before this Court and, if so, the implications for such litigation that this Court has jurisdiction over the Fidelity Account but not Papagianni. Dkt. 34.

On March 9, 2026, plaintiffs filed a letter stating that the presence of *quasi in rem* jurisdiction permits litigation before this Court of the Complaint's claims. Dkt. 36. On March 16, 2026, Papagianni filed a letter stating, *inter alia*, that: the Court lacks *quasi in rem* jurisdiction because the Fidelity Account is not connected to plaintiffs' underlying claims; attachment of the Fidelity Account is an excessive remedy; and Greek legal proceedings, which are purportedly ongoing, require dismissal of the Complaint. Dkt. 37. Papagianni stated her

1

intention to move to vacate the order of attachment and requested a hearing to determine whether the Greek proceedings are in fact ongoing. *Id.*

The Court's March 3, 2026 Order did not invite re-litigation of its jurisdictional finding or confirmation of attachment. It sought the parties' views as to whether, in light of those findings, the Complaint's claims should be litigated before this Court or dismissed. And Papagianni does not argue that, with the Court having found *quasi in rem* jurisdiction, it lacks authority to adjudicate plaintiffs' claims. This litigation will therefore proceed forward.

Accordingly, defendants are directed to answer or otherwise respond to the Complaint by **Wednesday, April 15, 2026**. To the extent that Papagianni envisions moving to dismiss based on *forum non conveniens*, she is at liberty to do so at the time of her responsive pleading.


SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge


Dated: March 25, 2026
       New York, New York

2